UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                                          §
                                                §
HARRIS, DAVID G                                 §    Case No. 11-39468
                                                §
                                                §
            Debtor(s)                           §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on                .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

   4. The trustee realized gross receipts of                    $

         Funds were disbursed in the following amounts:

         Payments made under an interim
         disbursement
         Administrative expenses
         Bank service fees
         Other payments to creditors
         Non-estate funds paid to 3rd Parties
         Exemptions paid to the debtor
         Other payments to the debtor

         Leaving a balance on hand of[1]                $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $\_\_\_\_\_ as interim compensation and now requests a sum of $\_\_\_\_\_, for a total compensation of $\_\_\_\_\_[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $\_\_\_\_\_, and now requests reimbursement for expenses of $\_\_\_\_\_, for total expenses of $\_\_\_\_\_[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/R. SCOTT ALSTERDA, TRUSTEE_____
                                                          Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Page: 1
Exhibit A

Case No: 11-39468 PSH Judge: PAMELA S. HOLLIS  
Case Name: HARRIS, DAVID G  

Trustee Name: R. SCOTT ALSTERDA, TRUSTEE  
Date Filed (f) or Converted (c): 09/28/11 (f)  
341(a) Meeting Date: 10/27/11  

For Period Ending: 02/28/13  

Claims Bar Date: 02/29/12

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. CASH ON HAND | 92.00 | 0.00 | | 0.00 | FA |
| 2. FINANCIAL ACCOUNTS | 2,300.00 | 0.00 | | 0.00 | FA |
| 3. HOUSEHOLD GOODS | 675.00 | 0.00 | | 0.00 | FA |
| 4. BOOKS/COLLECTIBLES | 100.00 | 0.00 | | 0.00 | FA |
| 5. WEARING APPAREL | 100.00 | 0.00 | | 0.00 | FA |
| 6. FIREARMS AND HOBBY EQUIPMENT | 125.00 | 0.00 | | 0.00 | FA |
| 7. INSURANCE POLICIES | 0.00 | 0.00 | | 0.00 | FA |
| 8. RETIREMENT PLANS | 116,961.00 | 0.00 | | 0.00 | FA |
| 9. VEHICLES | 13,300.00 | 10,000.00 | | 10,000.00 | FA |
| 10. OTHER MISCELLANEOUS | 100.00 | 0.00 | | 0.00 | FA |
| 11. OTHER PERSONAL PROPERTY | 3,250.00 | 0.00 | | 0.00 | FA |
| 12. RESIDENCE | 0.00 | 0.00 | | 0.00 | FA |
| 7801 W. Farragut, Chicago, IL 60656 (Debtor no longer has any interest in the property as it was awarded to ex-wife) | | | | | |

TOTALS (Excluding Unknown Values)    $137,003.00    $10,000.00    $10,000.00    Value of Remaining Assets $0.00
(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Final Report, Fee Applications, Distribution and Final Account.

Initial Projected Date of Final Report (TFR): 02/28/13    Current Projected Date of Final Report (TFR): 11/30/12

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1

Exhibit B

| Case No: | 11-39468 -PSH | Trustee Name: | R. SCOTT ALSTERDA, TRUSTEE |
|---|---|---|---|
| Case Name: | HARRIS, DAVID G | Bank Name: | ASSOCIATED BANK |
| | | Account Number / CD #: | *******9859  Checking Account |
| Taxpayer ID No: | *******5372 | | |
| For Period Ending: | 02/28/13 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 08/31/12 | | Trsf In From BANK OF AMERICA, N.A. | INITIAL WIRE TRANSFER IN | 9999-000 | 8,446.64 | | 8,446.64 |
| 10/16/12 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 5.21 | 8,441.43 |
| 11/05/12 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 5.38 | 8,436.05 |
| 12/07/12 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 5.20 | 8,430.85 |
| 01/08/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 5.37 | 8,425.48 |
| 02/07/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 12.52 | 8,412.96 |

**FORM 2**     Page: 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: | 11-39468 -PSH |
| Case Name: | HARRIS, DAVID G |
| Taxpayer ID No: | *******5372 |
| For Period Ending: | 02/28/13 |

| | |
|---|---|
| Trustee Name: | R. SCOTT ALSTERDA, TRUSTEE |
| Bank Name: | BANK OF AMERICA, N.A. |
| Account Number / CD #: | *******5752 BofA - Checking Account |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 03/29/12 | 9 | 722 Redemption Funding Disbursement Account 7901 Vine Street, Suite 200 Cincinnati, OH 45216 | Sale of Scheduled Asset | 1129-000 | 10,000.00 | | 10,000.00 |
| 04/09/12 | 003001 | Chicago Patrolmen's Federal Credit Union c/o Kristyn Klonowski Trunkett & Trunkett P.C. 20 N. Wacker Drive, Suite 1434 Chicago, IL 60606 | Settlement of Claims Dkt. No. 92 - Order approving Trustee's Settlement with Chicago Patrolmen's Federal Credit Union Settlement of unperfected lien. | 4220-000 | | 1,500.00 | 8,500.00 |
| 04/30/12 | | BANK OF AMERICA, N.A. | BANK SERVICE FEE | 2600-000 | | 10.98 | 8,489.02 |
| 05/31/12 | | BANK OF AMERICA, N.A. | BANK SERVICE FEE | 2600-000 | | 10.79 | 8,478.23 |
| 06/29/12 | | BANK OF AMERICA, N.A. | BANK SERVICE FEE | 2600-000 | | 10.08 | 8,468.15 |
| 07/31/12 | | BANK OF AMERICA, N.A. | BANK SERVICE FEE | 2600-000 | | 11.11 | 8,457.04 |
| 08/31/12 | | BANK OF AMERICA, N.A. 901 MAIN STREET 9TH FLOOR DALLAS, TX 75283 | BANK FEES | 2600-000 | | 10.40 | 8,446.64 |
| 08/31/12 | | Trsf To ASSOCIATED BANK | INITIAL WIRE TRANSFER IN | 9999-000 | | 8,446.64 | 0.00 |

**Total Of All Accounts**     **8,412.96**

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: March 01, 2013 |

Case Number: 11-39468  
Debtor Name: HARRIS, DAVID G

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>3110-00 | Ungaretti & Harris LLP<br>3500 Three First National Plaza<br>70 W. Madison<br>Chicago, IL 60602 | Administrative | | $4,395.50 | $0.00 | $4,395.50 |
| 001<br>3120-00 | Ungaretti & Harris LLP<br>3500 Three First National Plaza<br>70 W. Madison<br>Chicago, IL 60602 | Administrative | | $39.08 | $0.00 | $39.08 |
| 000001<br>070<br>7100-00 | Chicago Patrolmen's Federal Credit Union<br>Trunkett & Trunkett, P.C.<br>20 N. Wacker Dr. #1431<br>Chicago, IL 60606 | Unsecured | | $10,056.18 | $0.00 | $10,056.18 |
| 000002<br>070<br>7100-00 | Chicago Patrolmen's Federal Credit Union<br>Trunkett & Trunkett, P.C.<br>20 N. Wacker Dr. #1431<br>Chicago, IL 60606 | Unsecured | | $500.00 | $0.00 | $500.00 |
| 000003<br>070<br>7100-00 | Chicago Patrolmen's Federal Credit Union<br>Trunkett & Trunkett, P.C.<br>20 N. Wacker Dr. #1431<br>Chicago, IL 60606 | Unsecured | | $14,349.29 | $0.00 | $14,349.29 |
| 000004<br>070<br>7100-00 | American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $10,111.64 | $0.00 | $10,111.64 |
| 000005<br>070<br>7100-00 | Weiman & Associates<br>30 N. La Salle St., Suite 3100<br>Chicago, Illinois 60602 | Unsecured | | $6,450.91 | $0.00 | $6,450.91 |
| | Case Totals: | | | $45,902.60 | $0.00 | $45,902.60 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-39468
Case Name: HARRIS, DAVID G
Trustee Name: R. SCOTT ALSTERDA, TRUSTEE

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: R. SCOTT ALSTERDA, TRUSTEE | $ | $ | $ |
| Trustee Expenses: R. SCOTT ALSTERDA, TRUSTEE | $ | $ | $ |
| Attorney for Trustee Fees: Ungaretti & Harris LLP | $ | $ | $ |
| Attorney for Trustee Expenses: Ungaretti & Harris LLP | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses   $_____

Remaining Balance   $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $         must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $           have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Chicago Patrolmen's Federal Credit Union | $ | $ | $ |
| 000002 | Chicago Patrolmen's Federal Credit Union | $ | $ | $ |
| 000003 | Chicago Patrolmen's Federal Credit Union | $ | $ | $ |
| 000004 | American Express Bank, FSB | $ | $ | $ |
| 000005 | Weiman & Associates | $ | $ | $ |

Total to be paid to timely general unsecured creditors         $_____

Remaining Balance                                              $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE